**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONGBO HAN, on behalf of himself and all others similarly situated, </br></br>Plaintiff, </br></br>v. </br></br>UNITED CONTINENTAL HOLDINGS, INC. UNITED AIR LINES, INC., and MILEAGE PLUS HOLDINGS, LLC </br></br>Defendants. | Case No. 13-cv-2067 </br></br>Judge Joan B. Gottschall |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants United Continental Holdings, Inc., United Airlines, Inc.[1], and MileagePlus Holdings, LLC (collectively, "United"), by their attorneys, hereby move to dismiss plaintiff's complaint.

Plaintiff's complaint alleges a single claim, for breach of contract. Plaintiff, a member of United's MileagePlus frequent flyer program, contends that United breached the MileagePlus contract by failing to credit him with mileage based upon his "actual miles flown." Plaintiff fails to identify any contractual requirement that United has breached, and on the contrary, his allegations demonstrate that United has complied with the MileagePlus contract by awarding plaintiff mileage for the flights that he has actually flown.

In further support of this motion, United submits the accompanying memorandum.

---

[1] The Complaint names United Air Lines, Inc. as a defendant. On March 31, 2013, the entity formerly named United Air Lines, Inc., merged with a separate legal entity, Continental Airlines, Inc. The surviving entity, which is a subsidiary of Defendant United Continental Holdings, Inc., is named United Airlines, Inc. Additionally, plaintiff has incorrectly identified MileagePlus Holdings, LLC as "Mileage Plus Holdings, LLC."

WHEREFORE, United respectfully requests that this Court dismiss plaintiff's complaint with prejudice.

Dated: April 23, 2013

Respectfully submitted,

/s/ Paula M. Ketcham
Patricia Brown Holmes
E-mail: pholmes@schiffhardin.com
Sondra A. Hemeryck
E-mail: shemeryck@schiffhardin.com
Paula M. Ketcham
E-mail: pketcham@schiffhardin.com
Jacob L. Kahn
E-mail: jkahn@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600

Attorneys for Defendants United Continental Holdings, Inc., United Airlines, Inc. and MileagePlus Holdings, LLC

**Certificate Of Service**

I hereby certify that on April 23, a copy of the foregoing Defendants' Motion to Dismiss Complaint, with the accompanying memorandum in support, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Paula M. Ketcham
Attorney for Defendants United Continental Holdings, Inc., United Airlines, Inc., and MileagePlus Holdings, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HONGBO HAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | Case No. 13-cv-2067 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Joan B. Gottschall |
| UNITED CONTINENTAL HOLDINGS, INC. UNITED AIR LINES, INC., and MILEAGE PLUS HOLDINGS, LLC | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

**I.  Introduction**

This is a case in which the plaintiff claims breach of an alleged contractual requirement that does not in fact appear in the contract.  Plaintiff Hongbo Han alleges that he is a member of United's MileagePlus frequent flyer program.  He bases his breach of contract claim on the terms of the "MileagePlus Program Rules," which he concedes "constitute a contract."  Plaintiff also concedes that he "acknowledge[d] and agree[d]" to the terms of the MileagePlus Program Rules when he signed up for MileagePlus.

Plaintiff's sole claim in this lawsuit is that United breached the MileagePlus Program Rules by failing to credit him with mileage based upon his "actual miles flown."  Yet plaintiff fails to identify any provision in the MileagePlus Program Rules requiring United to credit him with mileage based upon "actual miles flown."  Plaintiff relies exclusively upon the following sentence of the MileagePlus Program Rules:  "In the case of air travel, mileage will be credited only for flights actually flown by the member."  But that sentence on its face requires mileage to be credited for "*flights* actually flown"—not *miles* actually flown, as plaintiff contends.  Thus, by

its express terms, the MileagePlus contract does not require what plaintiff claims it requires. Plaintiff cannot alter the express terms of the MileagePlus Program Rules by pointing to an article in USA Today describing the workings of a generic frequent flier program, as he attempts to do.

The plain language of the MileagePlus terms and conditions defeats plaintiff's claim, and consequently, his complaint must be dismissed with prejudice.

**II.     The Complaint and the MileagePlus Program**

Plaintiff Hongbo Han alleges that he is a member of United's MileagePlus frequent flyer program. (Compl., Doc. No. 1 at ¶ 24.) Plaintiff claims that on several occasions, United has credited him with MileagePlus mileage that is less than the actual flown distance of the United flights on which he has flown. (*Id.* ¶¶ 26-33.) He claims, for example, that on a flight from Beijing Capital International Airport, he was awarded 6,920 miles, when "upon information and belief, the actual flown distance for this flight was 7,276 miles." (*Id.* ¶¶ 26-27.) Plaintiff alleges that he was contractually entitled to be awarded the actual miles that he allegedly flew, *i.e.*, an additional 356 miles. (*Id.* ¶ 27.) Plaintiff makes a similar allegation with respect to another flight and states that United did not award him miles based upon the actual flown distance of the flight. (*Id.* ¶¶ 29-30.) Plaintiff claims that United has "misled and deceived millions of its members by awarding miles that are less than the actual flown miles, and therefore breached its obligations under the MileagePlus Program Rules." (*Id.* ¶ 34.)

Although plaintiff's complaint purports to assert a claim for breach of contract, identifies the contract as the MileagePlus Program Rules, explicitly acknowledges that the MileagePlus Program Rules set forth the terms and conditions of the contract, and acknowledges that prospective MileagePlus members (including plaintiff) must accept the terms and conditions set

forth in the MileagePlus Program Rules in order to become members (*see, e.g.*, *id.* ¶¶ 21 22, 25), plaintiff does not identify a single contractual provision requiring mileage to be awarded based upon actual flown miles. Plaintiff's breach of contract claim is premised exclusively upon one sentence[1] in the MileagePlus Program Rules: "In the case of air travel, mileage will be credited only for *flights* actually flown by the member." (*Id.* ¶ 22 (emphasis added).)

Plaintiff tries to gloss over the absence of any MileagePlus contractual requirement that mileage be credited for actual miles flown, pointing instead to an article in USA Today that describes, in generic terms, the features of some unidentified frequent flier programs and that does not even purport to describe the particular requirements of the United MileagePlus Program Rules. (*Id.* ¶ 4.) Plaintiff also points to two isolated statements from miscellaneous online advertising materials that are extraneous to the MileagePlus Program Rules and, in any event, do not support plaintiff's claims. (*Id.* ¶ 23.)

Because the plain language of the MileagePlus contract does not impose the requirement that plaintiff claims has been breached, plaintiff cannot state a claim for breach of contract and his complaint must be dismissed with prejudice.

### III. Argument

#### A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to

---

[1] Plaintiff erroneously identifies Section "18a" of the MileagePlus Program Rules as "Clause 18.1," but the error is without consequence, as plaintiff has accurately quoted the language in the section stating that mileage will be credited "only for flights actually flown." (*Id.* ¶ 22.)

3

dismiss should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Schlessinger v. Chicago Housing Authority,* No. 12 C 3733, 2012 WL 5520848, * 4 (N.D. Ill., November 13, 2012) (Gottschall, J.), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

> **B.     The Complaint Must Be Dismissed Under Rule 12(b)(6) For Failure To State A Claim.**

The MileagePlus terms demonstrate that plaintiff cannot maintain his claim for breach of contract. To state a claim for breach of contract under Illinois law, a claimant must allege: (1) the existence of a valid and enforceable contract; (2) his performance of the contract; (3) defendant's breach of the contract; and (4) that he was damaged as a result of the breach. *Priebe v. Autobarn Ltd.,* 240 F.3d 584, 587 (7th Cir. 2001); *see also Asset Exch. II, LLC v. First Choice Bank*, 953 N.E.2d 446, 455 (Ill. App. 2011) (for plaintiff to maintain a claim for breach of contract, he must allege the existence of a contract and that the defendant has breached one or more of the contract terms.)

Plaintiff alleges that the MileagePlus contract requires United to award mileage credits based upon actual miles flown and that by awarding him mileage credits of less than the actual number of miles that he flew, United breached the contract. (*Id.* ¶ 25.) But plaintiff does not and cannot point to a single provision of the MileagePlus contract setting forth the requirement upon which his entire complaint is based – *i.e.*, any requirement that mileage must be credited based on actual flight miles. Plaintiff alleges that "[n]owhere in the MileagePlus Program Rules does United state that the mileage or miles credited are not actual miles flown by the member." (*Id*.) But stripped of its double negatives, plaintiff's allegation boils down to the following: The

4

MileagePlus Program Rules do not state that mileage or miles credited *are* actual miles flown by the member.

To state a claim for breach of contract, a plaintiff must at a minimum they allege a short and plain statement of the claim showing that he is entitled to relief. *Gandhi v. Sitara Capital Management, LLC,* 689 F.Supp.2d 1004, 1016 (N.D. Ill., 2010) (Gottschall, J.) (dismissing breach of contract claim because plaintiffs, by failing to identify the provision of the contract that was allegedly breached, had failed to satisfy Rule 8(a)); *International Capital Group v. Starrs*, No. 10 C 3275, 2010 WL 3307345 (N.D. Ill. Aug. 19, 2010) (even under notice pleading, "a plaintiff must still plead enough facts to establish a breach, for example, the existence of some unsatisfied obligation."); *Burke v. 401 N. Wabash Venture, LLC*, No. 08 C 5330, 2010 WL 2330334, *2 (N.D. Ill. June 9, 2010) ("The Court fails to see how, post-*Iqbal,* a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached."); *LaSalle Bank Nat'l Assoc. v. Paramont Properties*, 588 F.Supp.2d 840, 856-57 (N.D. Ill., 2008) (dismissing breach of contract claim based upon party's refusal to allow additional financing to cover cost overruns because no provision in the contract required the party to extend additional financing).

Although Plaintiff admits that he agreed to be bound by the terms of the MileagePlus Program Rules, he invokes only one term of that contract, which states that mileage "will be credited only for *flights actually flown* by the member." (*Id.* ¶ 22 (emphasis added).) That sentence cannot reasonably be construed to require mileage to be awarded based upon the actual miles flown. It means only what it says: mileage will be credited for flights actually flown—as opposed to flights reserved or ticketed, but not actually flown. As the Supreme Court of Illinois recently stated, "[i]n construing a contract, the primary objective is to give effect to the intention

5

of the parties . . . . If the words in the contract are clear and unambiguous, they must be given their plain, ordinary and popular meaning." *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011) (citation omitted). The clear and unambiguous meaning of the one contractual provision alleged by plaintiff is that mileage is awarded for "flights actually flown" and not, as plaintiff alleges, for the actual flight miles flown.

Furthermore, according to the complaint, United did award mileage credits to plaintiff based upon the flights that he actually flew (*id.* ¶¶ 26-27, 29-30), as the contract requires. Thus, the conduct that plaintiff claims to constitute a breach of the contract between himself and United – awarding mileage based upon the flights that he actually flew – does not violate any provision of the MileagePlus contract, and on the contrary, is explicitly permitted by its terms. "It is axiomatic that a party cannot breach a contract by complying with its terms." *Asset Exch. II, LLC*, 953 N.E.2d at 455 (affirming dismissal of contract claim). When a plaintiff "plead[s] facts that show he has no legal claim," a plaintiff "can plead himself out of court." *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

A plaintiff cannot "close his eyes to the contents" of a contract and survive a motion to dismiss when the defendant has acted according to those terms. *Reger Development, LLC v. National City Bank*, No. 08-C-6200, 2009 WL 1233898, at *4 (N.D. Ill. Apr. 28, 2009). When a plaintiff's breach of contract allegations "are not only unsupported, but are directly contradicted by the plain language in the parties' agreement," the correct disposition is dismissal of the claim. *Id*. at *3; *see also First Place Bank v. Skyline Funding, Inc.*, No. 10-CV-2044, 2011 WL 824612 (N.D. Ill March 4, 2011) (granting defendant's motion to dismiss when contract allowed defendant's actions); *Royal Sleep Prods., Inc. v. Restonic Corp.*, No. 07-C-6588, 2010 WL 1172555 (N.D. Ill. March 22, 2010) (same).

**IV. Conclusion**

    For the foregoing reasons, plaintiff's complaint must be dismissed with prejudice.

Dated: April 23, 2013

Respectfully submitted,

/s/ Paula M. Ketcham
Patricia Brown Holmes
E-mail: pholmes@schiffhardin.com
Sondra A. Hemeryck
E-mail: shemeryck@schiffhardin.com
Paula M. Ketcham
E-mail: pketcham@schiffhardin.com
Jacob L. Kahn
E-mail: jkahn@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600

Attorneys for Defendants United Continental Holdings, Inc., United Airlines, Inc., and MileagePlus Holdings, LLC