UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HONGBO HAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) | Case No. 13 C 2067 |
| UNITED CONTINENTAL HOLDINGS, INC., UNITED AIR LINES, INC., and MILEAGE PLUS HOLDINGS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Hongbo Han, on behalf of himself and others similarly situated, has sued United Continental Holdings, Inc., United Air Lines, Inc., and Mileage Plus Holdings, LLC (collectively "United"), alleging breach of an agreement between United and members of United's MileagePlus frequent flyer program. Han claims that United agreed to credit MileagePlus members with award "miles" based on the actual distances they traveled on United flights, but instead awarded miles based on travel segments, resulting in awards of fewer miles than members were allegedly entitled to receive. Now before the court is United's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the facts alleged in the complaint demonstrate that United did not breach the agreement, the motion is granted.

### I. BACKGROUND

The court accepts as true the following facts alleged by Han. United's MileagePlus program offers awards and services to program members in exchange for flying with United. Members earn "miles" that are deposited into their MileagePlus accounts each time they

purchase eligible fares from United or certain of its partner airlines.  United advertises that award "miles" are "determined by the purchased ticket routing."

To enroll in the MileagePlus program, members must complete a MileagePlus enrollment form and must accept the MileagePlus Program Rules, Terms, Conditions, and Legal Notices ("MileagePlus Program Rules").[1]  Section 18a of the MileagePlus Program Rules states that "[i]n the case of air travel, mileage will be credited only for flights actually flown by the member."  In explaining Premier status qualification requirements, United states that qualifying miles "are based on the number of paid flight miles traveled and the fare purchased."  United also states that award miles are "determined by the purchased ticket routing."  The MileagePlus Program Rules, however, do not state whether the award "miles" correspond to the actual distances flown by the member.  Section 2 of the Program Rules states that "United has the sole right to interpret and apply the Program Rules."

Han alleges that United has breached the MileagePlus Program Rules by awarding fewer miles than the distances actually flown by members, without disclosing this fact to the members. Han alleges that program members understand that the miles they will be awarded for flying on United's flights will correspond to the distances of those flights.  The miles awarded for a flight segment, however, are closer to the direct distance between the origin and destination airports than to the actual flight distance.  Han alleges that on two occasions, he was awarded 6,920 miles for flights from Beijing to Washington, D.C., when the actual distances flown by the planes on which he traveled were 7,276 and 7,043 miles.

---

[1] Han did not attach the MileagePlus Program Rules to his complaint, but they are attached as an exhibit to his Response to United's Motion to Dismiss.  (Resp. Ex. A (MileagePlus Program Rules), ECF No. 22.)  As they are cited in the complaint and are central to Han's claims, the court will consider the language of the Rules in evaluating the motion.  *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).  United agrees that considering the exhibit is appropriate.

Han's complaint includes a single breach of contract count. Pursuant to Federal Rule of Civil Procedure 23, Han brings this claim on behalf of himself and a class of current and former MileagePlus members (including former members of Continental Airlines' OnePass Program), who were awarded fewer miles than they actually flew on qualifying United flights.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The court may also consider information in documents attached to the complaint or documents attached to a defendant's motion to dismiss that are central to the plaintiff's claim. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## III. ANALYSIS

The parties agree that Illinois law governs this dispute. To state a claim for breach of contract under Illinois law, a party must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)

(quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. 2004)). The parties further agree that the MileagePlus Program Rules set forth the terms and conditions of the contract between MileagePlus members and United, and that Han has sufficiently alleged that he has performed his obligations under the contract.

United argues that Han has failed to adequately allege a breach of contract claim because he has identified no provision of the MileagePlus Program Rules that United has breached. The provision of the MileagePlus Program Rules upon which Han relies states that award mileage will be credited "for flights actually flown by the member." No provision in the Rules requires United to credit mileage based on the actual flight distances flown by a member. According to United, based on the plain language of the contract, United's method of crediting award miles was permissible, no breach occurred, and the complaint must be dismissed.

Han responds that the MileagePlus Program Rules are ambiguous as to what award "mileage" means, and that this ambiguity must be construed against United, as the drafter of the MileagePlus Program Rules. He further argues that, in evaluating United's motion to dismiss, the court must accept as true his allegations that he understood the agreement to mean that he would be awarded miles based on the distances actually flown. Finally, Han points out that another court in this district recently denied a motion to dismiss a similar breach of contract claim against U.S. Airways. *See Kwok v. U.S. Airways Grp., Inc.*, No. 13 C 2068, 2013 WL 4506954 (N.D. Ill. Aug. 23, 2013) (applying Arizona law).

In interpreting the MileagePlus Program Rules, the court is guided by Illinois' principles of contract interpretation. "When interpreting a contract, '[t]he primary objective of the court is to determine and give effect to the intent of the parties as expressed in the language of the [contract].'" *A.T.N., Inc. v. McAirlaid's Vliesstoffe GmbH & Co. KG*, 557 F.3d 483, 485 (7th Cir.

4

2009) (quoting *Clayton v. Millers First Ins. Cos.*, 892 N.E.2d 613, 615 (Ill. App. Ct. 2008)). The court must focus on the actual language of the contract, ignoring language that was not included. The "court is not bound by the party's characterization of an [agreement] and may independently examine and form its own opinions about the document." *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). Where possible, the court adopts a construction "which ascribes meaning to every clause, phrase and word used; which requires nothing to be rejected as meaningless, or surplusage; which avoids the necessity of supplying any word or phrase that is not expressed; and which harmonizes all the various parts so that no provision is deemed conflicting with, or repugnant to, or neutralizing of any other." *Curia v. Nelson*, 587 F.3d 824, 829 (7th Cir. 2009) (quoting *Coney v. Rockford Life Ins. Co.*, 214 N.E.2d 1, 3 (Ill. App. Ct. 1966)). A contract should not be construed so as to permit an absurd result. *Rubin v. Laser*, 703 N.E.2d 453, 459 (Ill. App. Ct. 1998).

The court first determines whether, as a matter of law, the contract language is ambiguous. *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379 (7th Cir. 2009). If unambiguous, the contract will be given its plain and ordinary meaning and enforced as written, without reference to extrinsic evidence. *Harmon v. Gordon*, 712 F.3d 1044, 1049-50 (7th Cir. 2013). If, however, the contract language lends itself to more than one reasonable interpretation, the court may consider extrinsic evidence to ascertain the parties' intent. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007). Disagreement between the parties as to the interpretation of a contract's language does not automatically render the contract ambiguous. *Curia*, 587 F.3d at 829.

Turning to the MileagePlus Program Rules, the court first concludes that the language "mileage will be credited only for flights actually flown by the member," as used in § 18a, is not ambiguous. The word "actually" serves to distinguish flight segments that were used by the

member for travel from segments that were merely reserved or ticketed.  "Actually" does not imply that the mileage credited is the actual distance flown.

The *Kwok* case, which arose under Arizona law, involves entirely different contractual language.  In *Kwok*, the court noted that the provision of a frequent flyer agreement at issue was ambiguous because it stated that "[m]ileage credit will be calculated based upon the distance from origin to the final destination."  In another section, the contract stated that "[t]he number of Preferred-qualifying miles you'll earn is based on actual miles, or actual segments flown on qualifying paid tickets, whichever is greater."  This language created an ambiguity as to how the mileage award would be determined.  *See Kwok*, 2013 WL 4506954, at *3 ("[I]t is clear that the provision at issue can (and in fact has been) reasonably construed to have more than one meaning. Under Arizona law, this renders it ambiguous.").

The plain language of the MileagePlus Program Rules states that United credits mileage awards based on "flights flown."  This language simply means that a member will receive a mileage award for each flight.  The method by which United determines the size of the award corresponding to each flight is not specified—the Rules are silent as to the calculation required.  Where a contract is silent as to a provision, a court may not "add new terms or conditions to which the parties do not appear to have assented [or] write into the contract something which the parties have omitted." *Gallagher*, 854 N.E.2d at 807.  Furthermore, a presumption exists against provisions that could easily have been included in a contract but were not.  *Id*.

United determines mileage awards by assigning a set mileage to each flight segment available for purchase, which can then be adjusted based on the status of the member.  Absent contract language stipulating that the mileage awards were to be calculated in some other way, *cf. Kwok*, 2013 WL 4506954, United's method of allocating the awards was permissible under

the contract. Nothing in the MileagePlus Program Rules prohibited United from awarding miles on a standard per-flight basis.

The contract also contains a clause that states, "United has the sole right to interpret and apply the Program Rules." (Program Rules § 2.) "[A] contract can vary from the norm by including language which indicates that one of the parties is to have discretion to interpret and apply the contract," although the interpretation must be based on "'grounds which are reasonable and just.'" *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 330 (7th Cir. 2000) (quoting *Muka v. Estate of Muka*, 517 N.E.2d 673, 677 (Ill. App. Ct. 1987)). United's interpretation of how mileage is to be credited under § 18a of the Mileage Plus Program Rules is reasonable and should be upheld; to do otherwise would render § 2 of the Rules meaningless. *See Cress v. Recreation Servs., Inc.*, 795 N.E.2d 817, 852 (2003) ("[A] court must give meaning and effect to every part of the contract.").

Finally, the court must construe a contract so as to achieve a logical result. *Rubin*, 703 N.E.2d at 459. It would make little sense to require United to award members mileage based on the actual distance traveled by each airplane. Such a method of calculation would be unpredictable and unwieldy, requiring United to keep track of the distances flown by each plane in its fleet. Assigning a standard mileage award for each flight segment offered for sale is a much more reasonable strategy for allocating award miles.

Han argues that unless mileage is based on the actual distances traveled by each member on each airplane, United can simply assign any mileage award it chooses to a particular flight. But United's conduct is not completely unconstrained. "When one party to a contract is vested with contractual discretion, it must exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously or in a manner inconsistent with the reasonable

expectations of the parties." *Interim Health Care of N. Ill., Inc. v. Interim Health Care, Inc.*, 225 F.3d 876, 884 (7th Cir. 2000). Allowing United to adopt a standard means of awarding miles does not mean that United is allowed to allocate mileage awards in a completely opportunistic fashion.

There is no dispute that United awards mileage based upon the "flights actually flown" by MileagePlus members. It follows that United's method of crediting mileage complies with the MileagePlus Program Rules. Because the facts alleged in the complaint demonstrate that no breach of contract occurred, the court grants United's motion to dismiss the complaint. *See Burke v. 401 N. Wabash Venture*, LLC, No. 08 C 5330, 2010 WL 2330334, at *2 (N.D. Ill. June 9, 2010) ("The Court fails to see how . . . a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached.").

## IV. CONCLUSION

United's motion to dismiss Han's complaint is granted. All matters being concluded in this action, the clerk is directed to terminate this case.


ENTER:

　　　/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED:　November 26, 2013

8